words above quoted were introduced into the statute, so that the relief, which was formerly to be granted or withheld upon a fair review of the circumstances, has now become "matter of right," removed from judicial inquiry, and the surety must be relieved just because it wants to be relieved. Laws 1901, p. 1290, c. 524. The older section prescribed an order to show cause, which in the case cited was held to imply that cause might be shown against the application, and that, upon the appearance of cause, the prayer of the surety might be denied. For the order to show cause the amendment substituted an "application" upon notice, from which no implication results such as was deduced from the words "order to show cause."

There is no reason in these cases for discharging the surety except its desire. Save for the limits to which the Code has been trimmed, there would be good reason why the relief should be refused. The court is forbidden to regard the undisputed facts that the guardians have been precise and faithful in their observance of duty; that when the bonds were given the guardians paid the surety a premium in consideration of which the surety agreed to remain as bondsman for one year, which has not yet expired; that since the making of this agreement the surety bound in this case has, in combination with other surety companies in this city, raised the rates and premiums charged for acting on official bonds; and that it is now impossible to get a bond from any surety company, except at a uniform rate higher than that charged on the bonds in question. The guardians pray that, if these applications be granted, it shall be upon condition that the premiums which they have paid the applicant for service during the term of the contract above stated be repaid; but the Code, as now fashioned, leaves no power in the court to impose terms for the exercise of an unqualified right. The privilege that the "surety * * * shall return any compensation that has been paid for the unexpired portion of such suretyship," which is given in the last sentence of section 812, depends upon a written demand, of which no proof is made, and it cannot be awarded on these motions.

Let orders be presented for the discharge of the surety and for the filing of new bonds.

Application granted.

---

(61 Misc. Rep. 544.)

### In re LUTHGEN'S WILL.

(Surrogate's Court, Kings County. December, 1908.)

WILLS (§ 302*)—EXECUTION—EVIDENCE.

    Where a will was read aloud to testator in the presence of both the witnesses, and it contained a statement that testator declared in the presence of the undersigned witnesses that a person named should inherit whatever estate he had, and testator signed the will, and the witnesses signed their names thereto, the evidence of publication and request that witnesses subscribe the instrument was sufficient.

    [Ed. Note.—For other cases, see, Wills, Cent. Dig. § 700; Dec. Dig. § 302.*]

---

In the matter of the probate of the last will of Charles Luthgen. Motion that probate be refused denied.

John R. Kuhn (Walter G. Rooney, of counsel), for proponent. Charles W. Philipbar, for contestants.

KETCHAM, S. The contestants move at the close of the proponent's case that probate be denied, claiming that the testimony of the subscribing witnesses fails to show either publication of the will or a request by the testator that the witnesses sign as such. The instrument was written in German, and its translation is as follows:

"I, the undersigned, Karl Luthgen, born in Lubeck, November 9, 1827, inmate of the Marien-Heim, Brooklyn, since February 1st, 1902, declare herewith in the presence of the two undersigned witnesses, Mrs. Emilie Zerboni, Matron of the Home, Heinrich Meyer, inmate of the Home, that after my death the Marien-Heim shall inherit whatever estate I leave.

"I authorize herewith Mrs. Emilie Zerboni to take possession of it.

"Given in the Marien-Heim of Brooklyn, the 12th of August, One thousand nine hundred and seven.                                        Charles Luthgen.

"Emilie Zerboni.
"Heinrich Meyer."

Upon a reading of the stenographer's minutes, some testimony does appear tending to show a declaration by the testator. He and the witnesses each entered upon the ceremony of execution with the knowledge that the transaction was testamentary and with the knowledge that the others knew the nature of the act. The will was read to the testator in the presence of both witnesses, and he said when he signed it that "it was all right"—that "he was satisfied and pleased with it." One witness swears that the testator said that the paper was his will before he signed it. The other swears that, when she and her fellow witness entered the room on the occasion when the instrument was signed, she told Mr. Luthgen that the will was ready and asked him if he was ready to sign it, and he said, "Yes." Immediately after the will was made, and before the parties to its attestation separated, the testator said that it was his will and testament. While, therefore, it cannot be found that there was any word of publication or declaration at the moment of the testator's subscription, the acts and conversation which preceded and followed the testamentary ceremony together justify a finding that there was a declaration at the time of the subscription.

The fact of a request would substantially appear from the same evidence, eked out by the further fact that the witnesses did sign the instrument immediately after the testator signed it. But the request better appears from a circumstance peculiar to this will. When the testator signed the paper, his act was declared to be done "in the presence of the two subscribing witnesses." The will containing the words last quoted had just been read aloud. This act and declaration, made in the presence of those who forthwith became the "two undersigned witnesses," to whom his written declaration referred, must be regarded as a request that they should fulfill the intention which he had confessed by the reading of the instrument and his signature thereto.

The request does not less clearly appear than it would if he had orally said:

"I am signing this instrument in the presence of these witnesses, and they are about to sign as witnesses as soon as I have signed."

The motion is denied, and the trial may be resumed upon two days' notice.

Motion denied.